Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C ~~5540~~ 5440 | DATE | January 5, 2005 |
| CASE TITLE | *Luxenburg v. AFNI* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] AFNI's motion for summary judgment is granted as to Luxenburg's claims under § 1692g(a) and § 1692e(8) and denied as to Luxenburg's claims under§ 1592g(b). The court also reminds counsel that pursuant to its standing order, responses to Local Rule 56 statements must reproduce the paragraph of the opposing party's submission to which they respond. The court requests that counsel circulate this reminder to the other attorneys at their firms and bear it in mind in any future cases before the court. The pretrial order shall be filed by February 9, 2005. The pretrial conference shall be held on February 11, 2005, at 12:30 p.m. Motions in limine shall be filed by January 24, 2005; responses are due February 2, 2005; and replies are due February 9, 2005. The court will not entertain late motions in limine. A jury trial shall commence on February 22, 2005, at 10:30 a.m. *Requests for extensions will be very strongly disfavored*. Enter Memorandum and Order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JAN 12 2005 date docketed | |
| ✓ | Notices mailed by judge's staff. | | docketing deputy initials | 34 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT 2005 JAN 12 AM 8:05 | date mailed notice | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MITCHELL LUXENBURG,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **03 C 5440** |
| | ) | |
| **EQUIFAX CREDIT INFORMATION** | ) | |
| **SERVICES and ANDERSON FINANCIAL** | ) | |
| **NETWORK, INC.,** | ) | |
| **Defendants.** | ) | |

DOCKETED
JAN 1 2 2005

**MEMORANDUM AND ORDER**

Dish Network mistakenly billed plaintiff Mitchell Luxenburg under a contract that Luxenburg had not signed. When Luxenburg disputed the debt, Dish Network sent the debt out to a collection agency, defendant Anderson Financial Network, Inc. ("AFNI").[1] AFNI deleted the account approximately two months after Luxenburg disputed the debt, but the debt nevertheless ended up on Luxenburg's credit report for a period of time. Luxenburg asserts that AFNI's collection practices and the way it handled his debt violated the Fair Debt Collection Practices Act. AFNI's motion for summary judgment is before the court. For the following reasons, AFNI's motion is granted in part and denied in part.

## I. Background

The following facts are undisputed unless otherwise noted. In July of 2002, Luxenburg received a bill from Dish Network in the amount of $348.90. Luxenburg wrote back to Dish Network and stated that he did not owe it any money. Nevertheless, the following month Luxenburg received a dunning letter from a collection agency, defendant AFNI. The letter stated that Luxenburg owed $348.90 to Dish Network.

---

[1] Luxenburg dismissed his claim against the other defendant, Equifax Credit Information, so AFNI is the only remaining defendant.

34

It also stated, in pertinent part, that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. if you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

In response to this letter, in early September of 2002, Luxenburg wrote to AFNI to dispute the debt. He did not hear back from AFNI. In October of 2002, Luxenburg attempted to refinance his home mortgage and obtain a home equity line of credit. Charter One Bank sent Luxenburg a letter denying the line of credit. One of the factors listed for the denial was collection activity listed in his credit report. Luxenburg tried a second time to obtain credit from Charter One and was successful because he was able to establish that the Dish Network account was incorrect.

On November 1, 2002, Luxenburg called AFNI. AFNI employees told Luxenburg that he could resolve the issue by paying it $348.90. Luxenburg and AFNI were unable to resolve the issue over the phone and, according to Luxenburg, the AFNI representative eventually hung up on him. Nevertheless, on November 6, 2002, Luxenburg received a letter from AFNI verifying that it had entered a manual credit deletion in its computer system and sent copies of the deletion request to all three credit bureaus. Around the same time, Luxenburg received a letter from Dish Network verifying that Luxenburg did not owe it any money since he had not signed a service contract.

Nevertheless, Luxenburg's credit woes were not yet at an end, as in July of 2003, he received a letter from American Express notifying him that his $15,000 credit line, which Luxenburg had maintained for the past five years, had been reduced to $500. The letter also stated that his credit had been reduced because there was a collection account on his credit report, the time since collection was too short, there were too may inquiries in the past twelve months, and the length of time his accounts had been established was too short.

After receiving American Express' letter, Luxenburg obtained a copy of his credit report so he could personally see what was on it. There were five inquiries in the past twelve months that were not account reviews or promotional inquiries. Two of these inquiries were from Charter One in connection with the refinancing. The accounts opened during the prior year were the Charter One loan and a loan for a new car. Otherwise, Luxenburg's accounts dated back to 1993 and were in good standing without any negative history or remarks. Believing that AFNI was responsible for his credit problems, Luxenburg filed a federal complaint alleging that it violated the FDCPA in connection with its handling of his account with Dish Network.

## II. DISCUSSION

### A. Standard on a Motion for Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir.

1992). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Id.*

**B. Luxenburg's FDCPA Claims**

According to Luxenburg's complaint, AFNI violated the FDCPA by: (1) failing to provide him with a proper validation notice as required by 15 U.S.C. § 1692g(a); (2) failing to comply with 15 U.S.C. § 1692g(b) by engaging in improper collection activities; and (3) using deceptive and misleading representations in connection with the collection of the Dish Network debt, in violation of 15 U.S.C. § 1692e(8).

**1. Validation Notice – § 1692g(a)**

In Luxenburg's complaint, he contends that AFNI failed to send him a validation notice as required by the FDCPA. Section 1692g(a) of the FDCPA provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing — (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

AFNI's initial collection letter virtually quoted § 1692g(a). Luxenburg appears to have abandoned his claim that AFNI's letter violated § 1692g(a) as his response to AFNI's motion for summary judgment does not address this issue. Because the letter tracks § 1692g(a) and

contains all of the information required by that section, AFNI is entitled to summary judgment as to Luxenburg's § 1692g(a) claim.

### 2. AFNI's Obligations Upon Receiving Luxemburg's Dispute Letter – § 1692g(b)

When a debt collector receives a request for validation from a consumer, it may either provide the requested validation and continue its debt collection activities or it may cease its collection activities. *See Jang v. Miller*, 122 F.3d 480, 483 (7th Cir. 1997); *see also* 15 U.S.C. § 1592g(b) (if a consumer disputes a debt in writing within 30 days of receiving a collection notice, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector").

Here, Luxenburg contends that AFNI tried to collect the debt after receiving a written request for verification because, according to Luxenburg, an AFNI representative demanded that he pay the debt when he called AFNI after Charter One denied him credit. AFNI asserts that it did not attempt to collect a debt because even if the conversation took place as alleged by Luxenburg (which it disputes), Luxenburg initiated the contact so it did not engage in collection efforts under § 1692g(b). The court disagrees.

An express demand for payment, regardless of who initiated the contact, is a classic attempt to collect a debt. Regardless of whether the debt collector calls the consumer or the consumer calls the debt collector, the debt collector's demand for payment is the same. The fact that the consumer initiated the contact does not somehow magically transform a demand for payment into anything other than what it is – a request for a consumer to pay a debt. Therefore, Luxenburg's assertion that AFNI demanded payment when he called it is enough to create a

triable issue of fact regarding whether AFNI tried to collect a debt after receiving a request for verification and before it furnished Luxenburg with verification.

Luxenburg also contends that AFNI attempted to collect a debt in violation of § 1692g(b) by continuing to report the debt to consumer credit reporting agencies after receiving a written request for verification as late as October of 2003. In support, Luxenburg directs the court's attention to *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993). In that case, the court held that a creditor's "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms from its cardholder. [The creditor's] alleged refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer." *Id.*

Even if the court were to agree that continued reporting of a collection account is collection activity because it is meant to force a consumer to pay a debt (a point which the court need not reach), under the facts of this case, Luxenburg's "continued collection" theory does not help him. Luxenburg wrote to AFNI in early September of 2002, Charter One rejected his request for credit a month later in early October of 2002, and AFNI deleted the account and notified the credit bureaus on November 6, 2002. Luxenburg has not pointed to evidence showing that AFNI transmitted the collection account to credit reporting agencies in the two months between Luxenburg's letter and the deletion of the account.

Instead, he appears to be contending that AFNI is liable because the account remained on his credit report during that two month period. The fact that the account was on Luxenburg's report, however, does not necessarily mean that AFNI reported the account to the credit bureaus after it received his letter requesting verification. It is just as likely that AFNI transmitted the

information about the debt to the credit reporting bureaus before it received Luxemburg's request for validation.

As the party opposing summary judgment, Luxenburg must affirmatively raise an issue of material fact as opposed to raising "some metaphysical doubt as to the evidence offered." *Brenner v. C.F.T.C.*, 338 F.3d 713, 719 (7th Cir. 2003). Because Luxenburg did not point to any evidence showing that AFNI reported the account *after* it received his request for verification, he is not entitled to a trial on this point. *See* 15 U.S.C. § 1592g(b) (a debt collector who receives a request for validation may provide validation and continue its collection activities or cease its collection activities, so reporting a debt *before* the debt collector receives a request for validation is not "collection activity" proscribed by § 1592g(b)).

This is true even if the entry for the Dish Network debt continued to show up on Luxenburg's credit report, as the FCRA does not make a furnisher liable for a consumer reporting agency's failure to properly act on information received from that furnisher. *See Wade v. Equifax, Inc.*, No. 02 C 3205, 2003 WL 22089694 at *3 (N.D. Ill. Sep 08, 2003). Thus, the relevant inquiry in an action against a furnisher of information like AFNI is whether AFNI acted properly, not whether the consumer credit reporting agency acted properly when it received information from that furnisher.

In sum, the court rejects Luxenburg's "continued collection" argument. However, because an AFNI employee allegedly demanded payment over the phone after Luxemburg requested verification but before it verified the debt, Luxemburg is entitled to a trial to determine if a collection attempt was made in violation of § 1592g(b).

### 3.     § 1692e(8)

Section 1692e(8) provides, in pertinent part that, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). "Communication" under the FDCPA is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

First, Luxemburg asserts that AFNI violated § 1692e(8) because it "failed to ever delete the debt and/or mark it as in dispute on [his] credit file." Response at 7. The record shows that AFNI did, in fact, delete the debt on November 6, 2002. The question before the court is thus whether AFNI violated § 1692e(8) by failing to affirmatively advise the credit reporting agencies that the debt was disputed for the period of time between AFNI's receipt of Luxemburg's dispute letter and the date that AFNI deleted the account and notified the consumer credit reporting agencies of this action.

Section 1692e(8) "requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history." *Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21018650 at *5 n.3 (N.D. Ill. May 5, 2003). Under this narrow reading of § 1692e(8), AFNI cannot be held liable because Luxenburg does not contend that AFNI failed to tell a third party inquiring about the debt that he had disputed the debt.

More broadly, however, § 1692e(8) also prohibits debt collectors from failing to communicate that a debt is disputed. Luxenburg thus contends that AFNI violated § 1692e(8) by failing to immediately tell the credit reporting agencies that he had disputed the debt. The record shows that AFNI deleted the debt and notified the consumer reporting agencies in a little over two months after receiving Luxenburg's letter. Luxenburg has not directed the court's attention to any authority requiring a furnisher to tell a credit reporting agency that a debt is disputed within a certain amount of time.

Moreover, the court has located a case granting a debt collector's motion for summary judgment on the plaintiff's § 1692e(8) claim when the debt collector told the credit agencies that the plaintiff's debt was disputed 2 ½ months after receiving a letter to this effect. *See Gostony v. Diem Corp.*, 320 F.Supp.2d 932, 942 (D.Ariz. 2003). Because AFNI deleted the account two months after it received Luxenburg's dispute letter and immediately notified the credit reporting agencies of this action and Luxenburg has not provided the court with any authority showing that AFNI's actions were untimely or otherwise improper, AFNI is entitled to summary judgment on Luxenburg's § 1692e(8) claim.

**4. Damages**

In its reply brief, AFNI argues for the first time that Luxenburg has failed to establish that he suffered any injury as a result of AFNI's conduct. AFNI has waived this argument by raising it in reply. In any event, the FDCPA provides for statutory damages. *See, e.g., Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). Thus, AFNI's damages argument is unavailing.

## III. CONCLUSION

For the foregoing reasons, AFNI's motion for summary judgment is granted as to Luxenburg's claims under § 1692g(a) and § 1692e(8) and denied as to Luxenburg's claims under§ 1592g(b).

DATE: 1-5-05

Blanche M. Manning

Blanche M. Manning
U.S. District Court Judge